IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2006 AUG -8 P 3:14

| | |
|---|---|
| RICHARD MARSHALL, | * |
| | * |
| v. | * Civil Case No. 2:06-cv-701-ID |
| | * |
| CHRIS WEST, in his individual capacity, | * JURY TRIAL DEMANDED |
| LASHUN HUTSON, in his individual capacity | * |
| Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff Richard Marshall, by and through his attorney, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the First and Fourth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Plaintiff's rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Richard Marshall is over the age of 19 years (age 13), and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in

Lowndes County, Alabama.

4. Chris West (hereinafter, "West"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Lowndes County and is a person whose conduct proximately and directly harmed Plaintiff. West is being sued in his individual capacity.

5. Lashun Hutson (hereinafter, "Hutson"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Lowndes County and is a person whose conduct proximately and directly harmed Plaintiff. Hutson is being sued in his individual capacity.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. On or about June 28, 2005, Plaintiff was peacefully and lawfully operating his motor vehicle, a 1971 Chevrolet Nova, on a public road in Lowndes County. He was accompanied by his cousin, Kevin Carmichael.

9. As he was driving, Plaintiff observed an oncoming vehicle, a Lincoln Town Car approaching from the opposite direction at a high rate of speed.

10. As Plaintiff's vehicle neared, the driver of the Lincoln braked sharply. As Plaintiff's car passed, the Lincoln turned around and began to follow Plaintiff.

11. As the Lincoln was traveling at a high rate of speed, the distance between it and Plaintiff's vehicle closed rapidly.

12. The Lincoln pulled alongside Plaintiff's Nova.

13. Plaintiff observed that the Lincoln was occupied by two African-American males wearing black tee shirts. Plaintiff did not know either of the occupants of the Lincoln at the time, but has since learned that the driver was Hutson and that the passenger was West.

14. At all times material hereto, West and Hutson were officers, agents, or employees of the Sheriff of Lowndes County, Alabama, and were carrying out state action.

15. Neither Hutson nor West identified himself as a law enforcement officer, but West produced a semiautomatic pistol, waved it at Plaintiff, and gestured for him to pull over.

16. Plaintiff has been robbed before and was not about to pull over at the behest of an unknown, pistol-toting male.

17. Plaintiff continued driving, and the Lincoln fell behind him, following him.

18. After Plaintiff had turned toward the west onto Highway 21, the Lincoln – still following – suddenly sped up and again pulled alongside Plaintiff's Nova.

19. West again waved his weapon at Plaintiff and gestured for him to pull over.

20. As the area was mostly deserted, and seeking to keep driving until he could get to a populated area, Plaintiff refused to pull over.

21. The Lincoln fell back again, then sped up, ramming Plaintiff's vehicle in the rear. This happened between three and five times.

22. The driver of the Lincoln then executed a "precision immobilization technique," also

known as "pursuit intervention technique" (PIT), a maneuver by which the pursuing vehicle speeds up to bring its right front bumper even with the left rear quarter panel of the suspect vehicle. The pursuer then simultaneously slows and steers to the right, hitting the suspect vehicle and causing it to spin out of control. Meanwhile, the slowing pursuer is out of harm's way behind the spinning suspect vehicle.

23. The use of a PIT at speeds above 35 mph is generally considered by law enforcement agencies to be the application of deadly force.

24. Plaintiff's vehicle did, in fact, spin out of control. Plaintiff regained enough control to avoid hitting trees, but his vehicle ended up in a ditch alongside the highway facing opposite to its erstwhile direction of travel.

25. Plaintiff was dazed and slightly injured as a result of his head's having hit the steering wheel.

26. West and Hutson leapt from their vehicle pointing guns at Plaintiff and his cousin, shouting for them to get down on the gound. Plaintiff offered no resistance,, but when he did not get onto the ground as quickly as West would like, West discharged his weapon in Plaintiff's general direction, apparently as a warning.

27. The discharge of the weapon frightened and alarmed Plaintiff and he froze in place, still offering no resistance.

28. West then threw Plaintiff to the ground, handcuffed him, and stood him back up against his vehicle.

29. West frisked Plaintiff, ripping Plaintiff's pants off in the process, and went through Plaintiff's pockets. West removed Plaintiff's wallet and took out the driver's license, identification card, and the approximately $500.00 in currency he found there.

30. West then returned some money to Plaintiff's pocket.

31. West and Hutson then proceeded to search Plaintiff's car.

32. West and Hutson had no warrant for the search of Plaintiff's car, nor did they have probable cause to search it.

33. Plaintiff was transported to the Lowndes County jail in a deputy's car; Carmichael was transported in the Lincoln, driven by West; Hutson drove Plaintiff's car away.

34. When they arrived at the jail, Carmichael was released quickly. Plaintiff was held for two days without being charged and without being informed of any reason for his being held.

35. At the time of his arrest, Plaintiff was in possession of more than $500.00, the same being in the wallet that West confiscated. At the time of his arrival at the jail, Plaintiff was relieved at booking of approximately $100.00, West having claimed that was all the money that was in the wallet.

36. Plaintiff was finally charged with possession of controlled substances and carrying a pistol without a license.

37. Plaintiff was incarcerated from June 28, 2005, until he was finally released on $10,000 bond on August 5, 2005.

38. Plaintiff was compelled to pay $1,200 as a premium in order to secure his bond.

39. During the time of his incarceration, Plaintiff's aunt tried unsuccessfully on several occasions to put up a property bond to secure his release. The Sheriff of Lowndes County, West's superior, refused to approve the bond.

40. When Plaintiff appeared in court to answer the charges in January, 2006, the cases against him were dismissed.

41. Plaintiff has been injured in that he was arrested, assaulted, incarcerated, robbed, and

maliciously prosecuted. He has suffered property damage, personal injury, loss of time, loss of money, personal embarrassment and humiliation, and severe emotional distress and mental anguish.

## CAUSES OF ACTION

42. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

43. At all times material hereto, and Hutson were acting as law enforcement officers pursuant to State statute and the ordinances, customs, and policies of the Sheriff of Lowndes County.

44. Plaintiff had a protectible interest in his freedom under the Fourth Amendment to the United States Constitution to be secure in his person against unreasonable searches and seizures and to be free from the use of unreasonable and excessive force.

45. Plaintiff had a right to be free from the warrantless search of his vehicle in the absence of probable cause or exigent circumstances.

46. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

47. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

48. Defendants, without warrant, probable cause, or justification, assaulted and battered Plaintiff without justification of any sort and subjected him to unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution.

49. Defendants unreasonably used deadly force against Plaintiff by smashing into the vehicle

he was driving.

50. Defendant West unreasonably used deadly force against Plaintiff by aiming a weapon at him and by discharging it weapon in his general direction and in his immediate vicinity.

51. Plaintiff was placed in imminent fear of his life thereby.

52. Defendants unlawfully searched Plaintiff's vehicle without a warrant and without probable cause to do so.

53. Defendants falsely arrested Plaintiff without a warrant and without probable cause in violation of the Fourth Amendment to the United States Constitution.

54. Defendants instituted a criminal proceeding Plaintiff without probable cause.

55. Plaintiff's rights under the Fourth Amendments were thus impermissibly abridged and violated.

56. The aforesaid conduct proximately caused damage to Plaintiff in that it caused him to experience loss of money, loss of income, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT II – ASSAULT AND BATTERY

57. On the date and at the time of the conduct made the subject of this action, Defendants, and each and both of them, touched Plaintiff in rudeness, in anger, or in a hostile manner, by touching his vehicle and his person.

58. Plaintiff suffered damages as otherwise herein described as a direct and proximate result of the assault and battery by the defendant.

## COUNT III – CONVERSION

59. Plaintiff had $500.00, more or less, on his person when West confiscated his wallet.

60. West returned $100.00, more or less, to Plaintiff, which fact Plaintiff discovered when he

was booked into the jail. The money was taken from Plaintiff at the jail to be held for him.

61. Only $100.00, more or less, was returned to Plaintiff following his incarceration.

62. West was the only person to have possession of Plaintiff's money between his arrest and his booking.

63. West, or some person acting at his direction, retained Plaintiff's money.

64. Plaintiff has been injured thereby.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USCA § 1983;

b) Grant Compensatory damages to Plaintiff in the amount of $500,000.00;

c) Grant Punitive damages to Plaintiff in the amount of $500,000.00;

d) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the ___ day of August, 2006.

JAY LEWIS
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103

(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## PLAINTIFF DEMANDS TRIAL BY JURY

### CERTIFICATE OF SERVICE

I hereby certify that I have served a COURTESY COPY of the foregoing on the following attorney by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed on this _____ day of August, 2006.

C. Richard Hill
Webb & Eley
P.O. Box 240909
Montgomery, AL 36124

JAY LEWIS
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com