IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD MARSHALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:06-cv-701-ID-CSC ) |
| CHRIS WEST, in his individual capacity, LASHUN HUTSON, in his individual capacity | ) ) ) ) |
| Defendants. | ) ) |

## ANSWER TO FIRST AMENDED COMPLAINT

COME NOW Lowndes County, Alabama, Sheriff's Deputies Chris West and Lashun Hutson, the Defendants in the above-styled action, to answer the Plaintiff's First Amended Complaint as follows:

### JURISDICTION AND VENUE

1. This paragraph does not appear to require a response from this Defendant. However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

2. Denied.

### PARTIES

3. Upon information and belief, the allegation is admitted except the following: Defendants assume that Plaintiff intended to refer to his age as 31 and the reference to "13" is a typographical error; and, upon information and belief, Marshall's residence is (or was) 101 South Burbank Drive, Montgomery, Alabama (and not Lowndes County, Alabama).

4. The first clause in the first sentence (as to Chris West's identity) is admitted, the second clause (as to causation and harm) is denied. The last sentence does not call for either an

1

admission or denial.

5. The first clause in the first sentence (as to Lashun Hutson's identity) is admitted, the second clause (as to causation and harm) is denied. The last sentence does not call for either an admission or denial.

## NATURE OF PROCEEDINGS

6. This paragraph does not appear to require a response from this Defendant. However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

## FACTS

7. This paragraph does not require further response from these Defendants.

8. Admitted except the following: Plaintiff was not "peacefully and lawfully" operating his vehicle and the Nova was a 1976 model (not a 1971 model).

9. Defendants admit that they were in a Lincoln town car. All other allegations and inferences are denied.

10. These allegations are denied except the following: Defendants did turn around and began to follow Plaintiff.

11. It is admitted that the Defendants increased their speed to catch the Plaintiff's car. All other allegations and inferences are denied.

12. Admitted that Defendants' vehicle pulled beside Plaintiff's vehicle (but only after the Defendants followed the Plaintiff with their blue light activated and horn blowing.)

13. Defendants admit that they are African-American males. All other allegations and inferences are denied.

14. The allegations in this paragraph appear to state legal conclusions for which no response is required. To the extent the allegations and inferences contained in this paragraph can

be construed as imposing liability on these Defendants, they are denied.

15.  Denied.

16.  Defendants have insufficient information to admit or deny that the Plaintiff had been robbed in the past. All other allegations and inferences are denied.

17.  Admitted.

18.  Admitted.

19.  Denied.

20.  It is admitted that the Plaintiff refused to pull over. However, the allegations in this paragraph are vague as to the time in which the alleged events occurred. The Plaintiff left a populated area and eventually traveled to a deserted area. Therefore, the Defendants have insufficient information to admit or deny the allegations in this paragraph.

21.  It is admitted that the Defendants fell back again. All other allegations and inferences are denied.

22.  It is admitted that the driver of the Lincoln executed a PIT maneuver. All other allegations and inferences are denied.

23.  Denied.

24.  It is admitted that the Plaintiff's car went out of control and came to rest facing in the opposite direction of travel. All other allegations and inferences are denied.

25.  Denied.

26.  It is admitted that the Defendants left their vehicle and pointed their weapons at the Plaintiff and his cousin. It is further admitted that the Plaintiff and his cousin were ordered to get on the ground. Defendant West admits firing a warning shot. All other allegations and inferences are denied.

27.  It is admitted that the Plaintiff froze. All other allegations and inferences are

denied.

28. Defendants deny that West threw the Plaintiff on the ground. The allegations in this paragraph are otherwise admitted.

29. It is admitted that Defendant West frisked the Plaintiff and took his driver's license. All other allegations and inferences are denied.

30. Denied.

31. Admitted.

32. Defendants admit they had no search warrant but deny the remainder of the allegations.

33. Admitted.

34. Denied.

35. Denied.

36. Admitted.

37. Defendants have insufficient information to admit or deny the allegations in this paragraph.

38. Defendants have insufficient information to admit or deny the allegations in this paragraph.

39. Defendants have insufficient information to admit or deny the allegations in this paragraph.

40. The firearm violation remains pending.

41. Denied.

## CAUSES OF ACTION

42. This paragraph does not require further response from this Defendant.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## FALSE ARREST, FALSE IMPRISONMENT

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

47. Admitted to the extent that the Fourth Amendment requires that an arrest must be supported by probable cause, although this allegation is more of a legal conclusion than a factual allegation.

48. Denied to the extent that the paragraph alleges that Defendants violated clearly established law.

49. Denied.

50. Admitted although most cases use the term "excessive" rather than "unreasonable."

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied to the extent that Plaintiff is alleging violation of clearly established law. Further, this allegation is more of a legal conclusion than a factual allegation.

57. Denied.

## COUNT II – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## UNREASONABLE AND EXCESSIVE FORCE

58. Denied.

59. Admitted although this allegation is more of a legal conclusion than a factual allegation.

60. Denied.

61. Denied.

62. Denied.

63. Denied to the extent that Plaintiff is alleging violation of clearly established law. Further, this allegation is more of a legal conclusion than a factual allegation.

64. Denied.

### COUNT III – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
### UNLAWFUL SEARCH AND SEIZURE

65. Admitted to the extent that the Fourth Amendment generally prohibits unreasonable searches and seizures, although this allegation is more of a legal conclusion than a factual allegation.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

### COUNT III – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
### MALICIOUS PROSECUTION

70. Defendants admit that Officer West filed a complaint against Plaintiff. All other allegations and inferences are denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any relief requested in his First Amended Complaint.

## AFFIRMATIVE DEFENSES

1. The First Amended Complaint fails to state a claim against Defendants upon which relief may be granted.

2. In their individual capacity, Defendants West and Huston are entitled to qualified immunity from the Plaintiff's claims.

3. Defendants reserve the right to amend this Answer to add additional affirmative defenses as discovery progresses.

Respectfully submitted this 12th day of June, 2007.

s/Daryl L. Masters
DARYL L. MASTERS, Bar No. MAS018
GARY L. WILLFORD, JR., Bar No. WIL198
Attorney for Defendants
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: gwillford@webbeley.com

## CERTIFICATE OF SERVICE

    I hereby certify that on **June 12, 2007,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay Lewis, Esq.**

                                   **s/Daryl L. Masters**
                                   **OF COUNSEL**