IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Richard Marshall, | * |
| Plaintiff, | * |
| vs. | *   2:06-701-ID |
| Chris West; Lashun Hutson, | * |
| Defendants. | * |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant, Lashun Hutson, and in reply to Plaintiff's response to Defendant's Motion for Summary Judgment states the following:

Plaintiff's consolidated response to the Defendants' separate motions for summary judgment argues heavily that the motions should be summarily denied, on the basis of his assertion that Defendant West misrepresented numerous facts to the Court, and that Defendant West's argument was therefore lacking in candor and unreliable. (Plaintiff's Response, Doc 38, pp. 9-12). However, Plaintiff expressly distinguishes the two defendants by stating that he makes no such claim about Defendant Hutson's representations to the Court ("Defendant Hutson's motion does not contain similar factual misrepresentations", Doc 38, p. 12). Plaintiff simply argues, as to Defendant Hutson, that "due to Defendant Hutson's express adoption of any and all arguments made by Chris West", Defendant Hutson's motion for summary judgment should be summarily dismissed as well.

This argument is unpersuasive for two reasons. First, Plaintiff admits that this defendant did not make any misrepresentations of fact. Thus, under the Plaintiff's reasoning, this defendant's brief

is reliable and factually accurate. Accordingly, this Defendant's brief should be judged on its own merits. Secondly, Defendant Hutson did not adopt the *facts* asserted by Defendant West in that defendant's brief, only the arguments. According to his brief, it is the alleged misrepresentation of facts that offends the Plaintiff. Specifically, this Defendant stated in his brief:

> "Defendant Lashun Hutson now moves for summary judgment as to each of Plaintiff's claims, as there are no genuine issues of material fact and this Defendant is entitled to judgment as a matter of law. This defendant also adopts any and all arguments made by Chris West."

(Brief, p. 4).

Clearly, this Defendant did not adopt the facts asserted by Defendant West, and should not be held jointly accountable for any inconsistencies between the facts as asserted by Plaintiff and the facts as asserted by Defendant West. It follows, then, that the arguments made by Defendant Hutson should not be disregarded on the basis of such inconsistencies.

Plaintiff's second argument for the denial of Defendant Hutson's motion is no more credible. In his brief, Plaintiff argues that Defendant West is not entitled to immunity based on Defendant West's own, unreasonable actions. Plaintiff does not put forth this same argument as far as Defendant Hutson is concerned, for the simple reason that the undisputed facts establish that Defendant Hutson did not violate the Plaintiff's rights. In fact, the seldom references to Hutson's actions whatsoever are few and far between in Plaintiff's responsive brief. This Defendant simply was not involved in the allegations of constitutional deprivations made by the Plaintiff against Defendant West. As set out in Defendant Hutson's Motion and Brief, and as admitted by Plaintiff, Lashun Hutson was not driving the vehicle that allegedly "erratically" turned around and pursued the Plaintiff dangerously. (Response, Doc 38, p. 14). Hutson did not make the decision that there was probable cause to pursue

and/or stop the Plaintiff. (Response, Doc 38, p. 19). As he wasn't driving, Hutson obviously did not force Plaintiff's car off the road. Defendant Hutson did not fire his handgun. (Response, Doc 38, p. 16). There is certainly no allegation that Defendant Hutson "threw Marshall to the ground, choked him, and arrested him". (Response, Doc 38, p. 16). In fact, there is no allegation that Defendant Hutson used any physical force whatsoever toward Plaintiff. Additionally, Lashun Hutson did not have any involvement in prosecuting the Plaintiff.

Thus, the Plaintiff is left with one thin argument: that Hutson should be held jointly liable for Defendant West's actions, because he "acted as wing man without an inkling of probable cause and apparently without questioning or voicing any reservations to West." (Response, Doc 38, p. 19). Plaintiff claims that there is no "just following orders" defense, and therefore, Defendant Hutson is jointly liablefor Defendant West's actions.

The sole case precedent with which Plaintiff attempts to support this argument is easily distinguishable. In *O'Rourke v. Hayes*, 378 F. 3d 1201 (11th Cir. 2004), the defendant, a police officer, unreasonably searched the plaintiff's place of business for a probationer. The defendant clearly violated the plaintiff's rights by forcing entry into her office without a search warrant or exigency justifying his search. The defendant claimed that he should not be held liable because he merely followed other officers inside. *Id.* at 1210. The Eleventh Circuit rejected this defense, stating:

> Hayes's only remaining defense is that he did not make the initial decision to enter the office, but instead merely followed the other officers inside, "defer[ing]" to their judgment. His defense ultimately boils down to "But everyone else was doing it!" Without inquiring as to what Hayes would do if everyone else were jumping off a bridge, we recognize that precedent squarely precludes his claim. In *Hartsfield*, 50 F. 3d at 956, we held that all officers, including those following someone else's lead, could be held liable under § 1983 if "they knew or should have known that their conduct might result in a

3

> violation of the [plaintiff's] Fourth Amendment rights." This is the same test for determining whether any government official is entitled to qualified immunity. Whether or not the police officers accompanying Hayes decided to enter O'Rourke's office, their unconstitutional behavior did not relieve Hayes of his responsibility to decide for himself whether to violate clearly established constitutional rights by intruding into the office without a warrant or exigent circumstances....In short, though Hayes was not the mastermind behind the violation of constitutional rights that occurred here, he must take responsibility for <u>his actions</u>, and may be held accountable in a court of law.

<u>Id</u>. at 1210. (<u>Emphasis added</u>).

Clearly, the defendant in *O'Rourke* was held accountable for his own actions that violated the plaintiff's constitutional rights. Such actions were not excusable merely because other officers were involved. Here, however, Defendant Hutson's <u>own</u> actions did not violate Plaintiff's constitutional rights. Plaintiff has not alleged any action of Hutson <u>himself</u> that in and of itself violated his rights. Thus, Plaintiff cannot rely on *O'Rourke* to support his argument that Defendant Hutson should be held accountable for Defendant West's actions, simply because he was on the scene as well.

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Vinyard v. Wilson*, 311 F. 3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)). The undisputed material facts do not show that Defendant Hutson's actions were objectively unreasonable under the Fourth Amendment, or so unreasonable that an officer faced with this officer's situation would have inevitably believed the force used was unlawful. Here, Plaintiff claims that, at the most, Defendant Hutson is guilty of failing to stop Commander West. There is simply no clearly established statutory or common law to support his argument that Defendant Hutson can be

vicariously liable in a civil suit, or that his actions (or inactions) were clearly unreasonable. This Defendant cannot be held liable merely by virtue of the fact of his presence.

There are no genuine issues of material fact and Lashun Hutson is entitled to a judgment as a matter of law. His actions were objectively reasonable under the Fourth Amendment and summary judgment is due to be entered in favor of Lashun Hutson.

Further, as set out in Defendant's initial brief, Lashun Hutson is also entitled to absolute immunity under Ala. Const. of 1901, § 14. Plaintiff does not even address this argument in his response to Defendant's motion for summary judgment.

## CONCLUSION

Based on the foregoing, Defendant Lashun Hutson is entitled to summary judgment as to each of Plaintiff's claims, as there are no genuine issues of material fact and this Defendant is entitled to judgment as a matter of law. Plaintiff cannot present substantial evidence to support his claims of Fourth Amendment violations, or his claim asserted under state law. Further, Lashun Hutson is entitled to qualified, absolute, and discretionary immunity.

Respectfully submitted this 19th day of March, 2008.

s/ Rick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Lashun Hutson

OF COUNSEL:

Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128

(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by electronic means through the Court's electronic filing system, an exact copy of the foregoing document to:

Jay Lewis
P.O. Box 5059
Montgomery, AL 36103

C. Richard Hill
WEBB & ELEY
P.O. Box 240909
Montgomery, AL 36124

This the 19th day of March, 2008.

s/ Rick A. Howard
OF COUNSEL