IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **RICHARD MARSHALL,** | * |
| | * |
| v. | *    Civil Case No. 2:06-cv-701-ID-WO |
| | * |
| **CHRIS WEST, in his individual capacity,** | * |
| **LASHUN HUTSON, in his individual capacity** | * |
|     Defendants. | * |

## MOTION TO AMEND COMPLAINT

COMES NOW Plaintiff Richard Marshall, by and through his attorney of record, and would show unto the Court as follows:

In an attempt to resolve issues before trial and to achieve judicial economy, Plaintiff wishes to drop all the following claims from his First Amended Complaint: False Arrest, Unlawful Search and Seizure, and Malicious Prosecution. Unreasonable and Excessive Force would then be Plaintiff's sole remaining claim.

Plaintiff prays that the Court will permit him to amend his Complaint in accordance with the attached Second Amended Complaint (Exhibit 1).

Plaintiff has conferred with the attorneys for the opposing parties who have authorized Plaintiff to represent to the Court that this motion is unopposed.

RESPECTFULLY SUBMITTED on this the 13th day of May, 2008.

/s/ Fred Clements
Jay Lewis, ASB-2014-E66J
Fred Clements, ASB-5682-R39C
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103

(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@jaylewislaw.com

# CERTIFICATE OF SERVICE

      I hereby certify that on this 13th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gary Willford | Rick Howard |
| Daryl Masters | Alex Holtsford |
| Webb & Eley | April McKay |
| P.O. Box 240909 | Nix Holtsford Gilliland Higgins & Hitson |
| Montgomery, AL 36124 | P.O. Box 4128 |
| | Montgomery, AL 36103-4128 |

/s/ Fred Clements
Jay Lewis, ASB-2014-E66J
Fred Clements, ASB-5682-R39C
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@jaylewislaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD MARSHALL, | * |
| | * |
| v. | *   Civil Case No. 2:06-cv-701-ID-WO |
| | * |
| CHRIS WEST, in his individual capacity, | *   JURY TRIAL DEMANDED |
| LASHUN HUTSON, in his individual capacity | * |
|       Defendants. | * |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Richard Marshall, by and through his attorney, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343, to obtain declaratory relief and compensatory and punitive damages. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law.

2. The violations of Plaintiff's rights as alleged herein occurred in Lowndes County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Plaintiff Richard Marshall is over the age of 19 years and is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Lowndes County, Alabama.

4. Chris West (hereinafter, "West"), a better denomination of whom is presently unknown to

Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Lowndes County and is a person whose conduct proximately and directly harmed Plaintiff. West is being sued in his individual capacity.

5. Lashun Hutson (hereinafter, "Hutson"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Sheriff of Lowndes County and is a person whose conduct proximately and directly harmed Plaintiff. Hutson is being sued in his individual capacity.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment and for compensatory and punitive damages for Plaintiff's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. On June 28, 2005, Marshall was driving his 1971 Chevrolet Nova home on County Road 7 in Lowndes County. He was accompanied by his cousin, Kevin Carmichael.

9. Defendants drove an unmarked car that was a blueish or aquamarine Lincoln Town Car.

10. While passing Marshall in the opposite direction, Defendant West saw that Plaintiff was not wearing his seat belt, braked sharply, and began to follow Plaintiff.

11. Without activating a flashing blue light or identifying themselves as police officers, Defendants pulled alongside Marshall's Nova.

12. Inside of the Lincoln, Marshall saw two black males in black t-shirts that neither he nor

        Carmichael recognized. The passenger appeared to be motioning Marshall to pull over.

13. Having been robbed before Marshall was not about to simply pull over on a deserted country road for two unknown men crazily driving a civilian car. Marshall determined that he should keep driving to a more populated spot before considering stopping.

14. Because County Road 7 is wavy, Marshall could not speed up, and he continued to drive between thirty-five and forty miles per hour toward Highway 21 and home.

15. Although Defendants were riding his bumper, Marshall stayed within the speed limit and did not try to speed away.

16. At the intersection of County Road 7 and Highway 21, turned right onto Highway 21. Marshall got his Nova up to about fifty-five miles per hour when Defendants again pulled beside him. Marshall then saw one of the men was holding a gun. Carmichael also saw the man holding the gun.

17. Marshall believed and told Carmichael he thought they might be out to rob them. Since the area was still deserted, Marshall decided to keep driving until he could get to a populated area.

18. Defendants then began ramming Marshall's car. Defendants rammed Marshall's car several times before it was sent flying off of the road.

19. West had executed a "precision immobilization technique," also known as "pursuit intervention technique" (PIT), a maneuver by which the pursuing vehicle speeds up to bring its right front bumper even with the left rear quarter panel of the suspect vehicle. The pursuer then simultaneously slows and steers to the right, hitting the suspect vehicle and causing it to spin out of control. Meanwhile, the slowing pursuer is out of harm's

way behind the spinning suspect vehicle.

20. West's performance of the PIT maneuver was contrary to departmental policy.

21. The use of a PIT at speeds above 35 mph is generally considered by law enforcement agencies to be the application of deadly force.

22. Prior to the PIT maneuver, Defendants did not activate a flashing blue light or identify themselves in any reasonable manner as police officers.

23. When his car was knocked off of the road, Plaintiff hit his head and was dazed and slightly injured.

24. West and Hutson jumped from the car with their weapons drawn and yelled for Marshall to get out of the car. Defendants then identified themselves as police officers for the first time.

25. Marshall opened his door, stepped out of the car, and stood still with his hands up. West ordered Marshall to get on the ground. Marshall, dazed, confused, and agitated, remained standing with his hands up and demanded to know what was going on.

26. West then fired his gun in Marshall's direction. The bullet hit the ground approximately six to eight feet from where Marshall stood. West discharging his gun in such manner was contrary to departmental policy.

27. Marshall stood frozen and offered no resistance while West approached with his gun raised.

28. West then swept Marshall's feet slamming him to the ground face first, put a foot in Marshall's back, and cuffed him. After West had cuffed Marshall, Hutson got Carmichael out of the car, cuffed him, and put him on the ground.

29. West then pulled Marshall off of the ground, put him against the car, and demanded to know why he did not pull over when they showed their badges. Marshall stated that he did not see any badges, only a gun.

30. West then grabbed Marshall's pants, shoved him against the car, and searched him. During the search West removed Marshall's wallet and threw it into the back seat. Marshall's wallet contained five hundred dollars at that time. When Marshall's wallet was returned, most of his money was missing.

31. West then told Marshall to get in the back of his Nova, but Marshall, because he is a large man, stated he could not fit in the small back seat of his car. Angered, West grabbed Marshall by the pants and slammed him against the car breaking the zipper and button causing Marshall's pants to fall to the ground. West then choked Marshall until he could not breathe and forced him into the back of the Nova.

32. Cars were driving by on Highway 21 and West then walked over to the aquamarine car and put a blue light on roof of the aquamarine car. The blue light would not flash until West banged on it several times.

33. Plaintiff was injured in that he was arrested, assaulted, and robbed. He has suffered property damage, personal injury, loss of time, loss of money, personal embarrassment and humiliation, and severe emotional distress and mental anguish.

## CAUSE OF ACTION

34. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER
## COLOR OF STATE LAW UNREASONABLE AND EXCESSIVE FORCE

35. The force used against Plaintiff by Defendants was unreasonable and excessive.

36. Plaintiff had a right under the Fourth Amendment to the United States Constitution to be free from the use of unreasonable force in the course of an arrest, even a lawful arrest.

37. Prior to performing the PIT maneuver, Defendant Hudson drew his gun without properly identifying himself as a police officer.

38. Prior to performing the PIT maneuver, Defendants failed to properly identify themselves as police officers.

39. Defendant West unreasonably used deadly force against Plaintiff by performing a PIT maneuver against Plaintiff for a suspected seatbelt violation.

40. Defendant West unreasonably used deadly force against Plaintiff by aiming a weapon at him and by discharging the weapon in his general direction and in his immediate vicinity.

41. Plaintiff was placed in imminent fear of his life thereby.

42. Defendant West used unreasonable force against Plaintiff by choking, throwing him to the ground, cuffing, and forcing Plaintiff into the back seat of his car.

43. Defendants' actions were undertaken in violation of both applicable law and departmental rules and procedures.

44. Because he was without discretion to either perform a PIT or discharge his weapon, West is not entitled to either discretionary function, state agent immunity, or qualified immunity for his actions.

45. Plaintiff's right to be free from the application of unreasonable and excessive force was

clearly established in the law at the time of the events giving rise to this complaint.

46. Any reasonable law enforcement officer would have known that the conduct described herein would be violative of Plaintiff's rights to be free from the application of unreasonable and excessive force.

### PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff prays for relief as follows:

a) Enter judgment in favor of Plaintiff;

b) Grant Compensatory damages to Plaintiff in the amount of $500,000.00;

c) Grant Punitive damages to Plaintiff in the amount of $500,000.00;

d) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief as may be available, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 13th day of May, 2008.

/s/ Fred Clements
Jay Lewis, ASB-2014-E66J
Fred Clements, ASB-5682-R39C
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@jaylewislaw.com

### PLAINTIFF DEMANDS TRIAL BY JURY

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gary Willford | Rick Howard |
| Daryl Masters | Alex Holtsford |
| Webb & Eley | April McKay |
| P.O. Box 240909 | Nix Holtsford Gilliland Higgins & Hitson |
| Montgomery, AL 36124 | P.O. Box 4128 |
| | Montgomery, AL 36103-4128 |

/s/ Fred Clements
Jay Lewis, ASB-2014-E66J
Fred Clements, ASB-5682-R39C
LAW OFFICES OF JAY LEWIS, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
FredClements@jaylewislaw.com