IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Richard Marshall, | * |
| Plaintiff, | * |
| vs. | *   2:06-701-ID |
| Chris West; Lashun Hutson, | * |
| Defendants. | * |

## DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW one of the Defendants, Lashun Hutson, by and through counsel, and states the following as his answer to Plaintiff's second amended complaint:

### JURISDICTION AND VENUE

1. This Defendant admits that the United States District Court for the Middle District of Alabama, Northern Division, has jurisdiction to adjudicate this matter. This Defendant denies that Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law were violated and demands strict proof thereof.

2. This Defendant admits that the undisputed facts of this case occurred in Lowndes County, Alabama, which is in the Northern Division of the State of Alabama. This Defendant denies that Plaintiff's constitutional rights were violated and demands strict proof thereof.

### PARTIES

3. Admit.

4. This Defendant admits that Chris West is over the age of 19 years and was a member of the Drug Task Force. This Defendant denies the remainder of paragraph 4 of Plaintiff's complaint and demands strict proof thereof.

5. This Defendant admits that Lashun Hutson is over the age of 19 years and was a member of the Drug Task Force. This Defendant denies the remainder of paragraph 4 of Plaintiff's complaint and demands strict proof thereof.

## NATURE OF PROCEEDINGS

6. No answer is required of this Defendant as to paragraph 6 of Plaintiff's complaint.

## FACTS

7. No answer is required of this Defendant as to paragraph 7 of Plaintiff's complaint.

8. Admit.

9. Admit.

10. Admit.

11. This Defendant denies paragraph 11 of Plaintiff's complaint and demands strict proof thereof.

12. This Defendant admits that the passenger in the Lincoln Town Car was motioning for Plaintiff to pull over. This Defendant denies the remainder of paragraph 12 of Plaintiff's complaint and demands strict proof thereof.

13. This Defendant denies paragraph 13 of Plaintiff's complaint and demands strict proof thereof.

14. This Defendant denies paragraph 14 of Plaintiff's complaint and demands strict proof thereof.

15. This Defendant denies paragraph 15 of Plaintiff's complaint and demands strict proof thereof.

16. This Defendant denies paragraph 16 of Plaintiff's complaint and demands strict proof thereof.

17. This Defendant denies paragraph 17 of Plaintiff's complaint and demands strict proof

thereof.

18. This Defendant denies paragraph 18 of Plaintiff's complaint and demands strict proof thereof.

19. This Defendant admits that West executed a "precision immobilization technique" also known as a "pursuit intervention technique". These Defendants deny the remainder of paragraph 19 of Plaintiff's complaint and demand strict proof thereof.

20. This Defendant denies paragraph 20 of Plaintiff's complaint and demands strict proof thereof.

21. This Defendant denies paragraph 21 of Plaintiff's complaint and demands strict proof thereof.

22. This Defendant denies paragraph 22 of Plaintiff's complaint and demands strict proof thereof.

23. This Defendant denies paragraph 23 of Plaintiff's complaint and demands strict proof thereof.

24. This Defendant admits that they identified themselves as police officers throughout the course of this incident. This Defendant denies the remainder of paragraph 24 of Plaintiff's complaint and demands strict proof thereof.

25. This Defendant denies paragraph 25 of Plaintiff's complaint and demands strict proof thereof.

26. This Defendant admits that West fired his gun as a warning shot. This Defendant denies the remainder of paragraph 26 of Plaintiff's complaint and demands strict proof thereof.

27. This Defendant admits that Plaintiff complied with the orders after the warning shot was fired. This denies any and all liability or wrongdoing alleged in paragraph 27 of Plaintiff's complaint and demands strict proof thereof.

28. This Defendant admits that Defendant Hutson got Carmichael out of the car, cuffed him and sat him on the ground. This Defendant denies the remainder of paragraph 28 of Plaintiff's complaint and demands strict proof thereof.

29. This Defendant admits that he showed Plaintiff his badge. This Defendant denies the remainder of paragraph 29 of Plaintiff's complaint and demands strict proof thereof.

30. This Defendant denies paragraph 30 of Plaintiff's complaint and demands strict proof thereof.

31. This Defendant denies paragraph 31 of Plaintiff's complaint and demands strict proof thereof.

32. This Defendant denies paragraph 32 of Plaintiff's complaint and demands strict proof thereof.

33. This Defendant denies paragraph 33 of Plaintiff's complaint and demands strict proof thereof.

## CAUSE OF ACTION

34. No answer is required of this Defendant as to paragraph 34 of Plaintiff's complaint.

## COUNT I - DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW UNREASONABLE AND EXCESSIVE FORCE

35. This Defendant denies paragraph 35 of Plaintiff's complaint and demands strict proof thereof.

36. Admit.

37. This Defendant denies paragraph 37 of Plaintiff's complaint and demands strict proof thereof.

38. This Defendant denies paragraph 38 of Plaintiff's complaint and demands strict proof

thereof.

39. This Defendant denies paragraph 39 of Plaintiff's complaint and demands strict proof thereof.

40. This Defendant denies paragraph 40 of Plaintiff's complaint and demands strict proof thereof.

41. This Defendant denies paragraph 41 of Plaintiff's complaint and demands strict proof thereof.

42. This Defendant denies paragraph 42 of Plaintiff's complaint and demands strict proof thereof.

43. This Defendant denies paragraph 43 of Plaintiff's complaint and demands strict proof thereof.

44. This Defendant denies paragraph 44 of Plaintiff's complaint and demands strict proof thereof.

45. Admit.

46. This Defendant denies paragraph 46 of Plaintiff's complaint and demands strict proof thereof.

47. This Defendant denies the entirety of the Prayer for Relief and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. This Defendant affirmatively pleads that Plaintiff's complaint fails to state a claim upon which relief can be granted as to Lashun Hutson.

2. This Defendant affirmatively pleads that Plaintiff failed to comply with statutory requirements to maintain this lawsuit.

3.  This Defendant affirmatively pleads that his actions were based on probable cause.

4.  This Defendant affirmatively pleads the de minimus force doctrine.

5.  This Defendant affirmatively pleads qualified immunity.

6.  This Defendant affirmatively pleads discretionary function immunity.

7.  This Defendant affirmatively pleads immunity provided by Alabama Code §6-1-334.

8.  This Defendant affirmatively pleads immunity as discussed in *ex parte Cranman*.

9.  This Defendant affirmatively pleads the general issue.

10. This Defendant affirmatively pleads that Plaintiff's own actions caused or contributed to his alleged injuries.

11. This Defendant affirmatively pleads that damages awarded in this case are limited by statute.

12. This Defendant affirmatively pleads his actions are the same as a reasonable officer.

13. This Defendant affirmatively pleads substantive immunity.

14. This Defendant affirmatively pleads that any search or seizure of Plaintiff was not unreasonable.

15. This Defendant affirmatively pleads that Plaintiff's response prompted Defendants' reaction.

16. This Defendant affirmatively pleads probable cause and arguable probable cause.

17. This Defendant affirmatively pleads that Plaintiff was not assaulted or battered by this Defendant.

18. This Defendant affirmatively pleads that this Defendant did not convert Plaintiff's property.

19. This Defendant affirmatively pleads that he had a legal obligation and responsibility to touch Plaintiff and the touching was not unlawful or done in a harassing manner.

20. This Defendant affirmatively pleads that any charges against Plaintiff were initiated with probable cause.

21. This Defendant affirmatively pleads absolute state immunity because the Drug Task Force is a direct extension of the State of Alabama because it is directly funded and controlled by the State of Alabama.

22. This Defendant incorporates any defense set forth in his previously filed answers, motion to dismiss and motion for summary judgment.

s/ Rick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendant Lashun Hutson

OF COUNSEL:
*Nix Holtsford Gilliland, Higgins & Hitson, P.C.*
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

    I hereby certify that I have this day sent by electronic means through the Court's electronic filing system, an exact copy of the foregoing document to:

Jay Lewis
P.O. Box 5059
Montgomery, AL 36103

Gary Willford
Daryl Masters
WEBB & ELEY
P.O. Box 240909
Montgomery, AL 36124

    This the 15th of May, 2008.

                                          s/ Rick A. Howard
                                          OF COUNSEL