IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD MARSHALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-cv-701-ID-CSC |
| | ) |
| CHRIS WEST, in his individual capacity, | ) |
| LASHUN HUTSON, in his individual capacity, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO SECOND AMENDED COMPLAINT[1]

COME NOW Lowndes County, Alabama, Sheriff's Deputy Chris West, a Defendant in the above-styled action, to answer the Plaintiff's Second Amended Complaint as follows:

### JURISDICTION AND VENUE

1. This paragraph does not appear to require a response from this Defendant. However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

2. Denied.

### PARTIES

3. Upon information and belief, admitted.

4. The first clause in the first sentence (as to Chris West's identity) is admitted, the second clause (as to causation and harm) is denied. The last sentence does not call for either an admission or denial.

---

[1] This case is in an unusual procedural posture as the Plaintiff has amended his Complaint after summary judgment motions have been submitted and fully briefed. By filing this Answer, Deputy West does not intend to waive any argument for any of the issues addressed in his Motion for Summary Judgment.

1

5. The first clause in the first sentence (as to Lashun Hutson's identity) is admitted, the second clause (as to causation and harm) is denied. The last sentence does not call for either an admission or denial.

## NATURE OF PROCEEDINGS

6. This paragraph does not appear to require a response from this Defendant. However, to the extent the allegations and inferences therein can be construed as imposing liability on this Defendant, the same are denied.

## FACTS

7. This paragraph does not require further response from these Defendants.

8. Admitted except the allegations regarding the year model of the car and the Plaintiff's intended destination.

9. Admitted to the extent "unmarked" is intended to denote that the car the Defendants were in did not have decals or writings indicating that it was a police vehicle.

10. Admitted.

11. It is admitted that the Defendants pulled alongside the Plaintiff's car. All other allegations and inferences are denied.

12. Deputy West can neither admit nor deny what the Plaintiff believed he saw; however, it is admitted that the passenger, Agent Hutson, among other things, motioned for the Plaintiff to pull over.

13. Deputy West can neither admit nor deny what the Plaintiff concluded and has insufficient information to admit or deny that the Plaintiff had been robbed before. Deputy West denies that the he was driving the car "crazily".

14. It is admitted that the Plaintiff drove his car between 35 and 40 mph on County Road 7, all other allegations and inferences are denied.

15. Denied.

16. It is admitted that the Plaintiff turned right onto Highway 21, reached 55 mph at some point on Highway 21, and again pulled alongside the Plaintiff's car. All other allegations and inferences are denied.

17. Denied. In fact, the turn made by Carmichael took him *away* from the nearest town of Hayneville and toward more rural parts of Lowndes County.

18. It is admitted that the Plaintiff's car left the roadway. The allegations of the paragraph are denied to the extent they assert or imply that Deputy West did anything other than attempt a PIT maneuver.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted except the allegation that this was the first time the Defendants identified themselves as law enforcement officers.

25. It is admitted that the Plaintiff stepped out of the car and was ordered to the ground. All other allegations and inferences are denied.

26. It is admitted that Deputy West fired his weapon. All other allegations and inferences are denied.

27. It is admitted that the Plaintiff froze. All other allegations and inferences are denied.

28. Deputy West denies that he threw the Plaintiff on the ground. The allegations in this paragraph are otherwise admitted.

3

29. It is admitted that Deputy West got the Plaintiff off of the ground and put him against the car. All other allegations and inferences are denied.

30. It is admitted that Deputy West searched the Plaintiff. All other allegations and inferences are denied.

31. It is admitted that the Plaintiff was ordered to get in the backseat of his car, that the Plaintiff refused, but the Plaintiff eventually went into the car. All other allegations and inferences are denied.

32. It is admitted that cars were driving by on Highway 21. All other allegations and inferences are denied.

33. Denied.

## CAUSE OF ACTION

34. This paragraph does not require further response from this Defendant.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## FALSE ARREST, FALSE IMPRISONMENT

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied

43. Denied.

44. Denied.

45. Admitted that the Plaintiff's right was clearly established in general, but denied that the actions of Deputy West were in violation of any clearly established right.

46. Denied.

### PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any relief requested in his Second Amended Complaint.

### AFFIRMATIVE DEFENSES

1. In his individual capacity, Deputy West is entitled to qualified immunity from the Plaintiff's claims.

2. This Defendant reserves the right to amend this Answer to add additional affirmative defenses.

Respectfully submitted this the 19th day of May, 2008.

s/Gary L. Willford, Jr.
DARYL L. MASTERS Bar No. MAS018
GARY L. WILLFORD, JR. – Bar No. WIL198
Attorneys for Defendant Chris West
WEBB & ELEY, P.C.
7475 Halcyon Pointe Drive (36117)
P.O. Box 240909
Montgomery, Alabama 36124
Telephone: (334) 262-1850
Fax: (334) 262-1889
E-mail: gwillford@webbeley.com

### CERTIFICATE OF SERVICE

I hereby certify that on **May 19, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Jay Lewis, Esq., Rick Howard, Esq.**

s/Gary L. Willford, Jr.
OF COUNSEL